IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| STEPHEN C. STANKO )<br>     *Petitioner*, )<br> v. )<br>BRYAN P. STIRLING, Commissioner, )<br> South Carolina Department of Corrections, )<br> and JOSEPH CANNING III, Warden, )<br> Broad River Secure Facility. )<br>      )<br>     *Respondents.* ) | NO. 1:24-mc-00504-RMG-SVH<br><br>**MOTION FOR STAY OF EXECUTION<br>AND APPOINTMENT OF COUNSEL** |

**THIS IS A CAPITAL CASE.**

  Stephen Stanko is an indigent prisoner under a sentence of death imposed by the Georgetown County, South Carolina, Court of General Sessions.[1] Through undersigned counsel, Mr. Stanko requests that this Court stay his execution[2] and appoint counsel to represent him in the preparation, presentation, and litigation of his federal petition for a writ of habeas corpus. Specifically, Mr. Stanko requests that this Court appoint Emily C. Paavola and Lindsey S. Vann of Columbia, South Carolina to represent him. In support of this Motion, counsel submit the following facts and argument.[3]

---

[1] Mr. Stanko is also under a sentence of death in Horry County, South Carolina. Judge Richard M. Gergel handled the district court federal habeas proceedings in the Horry County case, *Stanko v. Stirling*, No. 1:19-cv-03257-RMG, which is now pending on appellate review before the Fourth Circuit Court of Appeals, No. 22-3.

[2] Though the South Carolina Supreme Court has not yet issued an execution notice setting an execution date, Mr. Stanko's execution is nevertheless imminent and requires a stay from this Court. As discussed below, the Supreme Court of South Carolina denied Mr. Stanko's Petition for Writ of Certiorari seeking review the denial of his state post-conviction relief application. Pursuant to *In re: Stays of Execution in Capital Cases*, 471 S.E.2d 140 (S.C. 1996), following the denial of certiorari in state post-conviction proceedings, the Clerk of the Supreme Court of South Carolina is directed to issue an execution notice when the remittitur is sent to the circuit court, which results in an execution date scheduled for the fourth Friday following the issuance. *See* S.C. Code § 17-25-370.

[3] Mr. Stanko contemporaneously filed a Motion to Proceed *In Forma Pauperis*, in accordance with Rule 3(a) of the Rules Governing Section 2254 Cases.

I. **RELEVANT PROCEDURAL HISTORY.**

Mr. Stanko was convicted of murder, assault and battery with intent to kill, kidnapping, armed robbery, and criminal sexual conduct and sentenced to death in Georgetown County in 2006. He was later tried on separate charges and received an additional death sentence in Horry County. On February 25, 2008, the South Carolina Supreme Court upheld Mr. Stanko's Georgetown County convictions and sentence on direct appeal. *State v. Stanko*, 376 S.C. 571, 658 S.E.2d 94 (2008). Mr. Stanko sought rehearing on the denial of his direct appeal, which was denied on March 19, 2008. *Id.* He petitioned the Supreme Court of the United States for review of the direct appeal decision, which was denied on October 6, 2008. *Stanko v. State*, 555 U.S. 875 (2008). Mr. Stanko's initial application for post-conviction relief ("PCR") was filed on October 17, 2008. The post-conviction court denied PCR, but the Supreme Court of South Carolina remanded the case for further PCR proceedings in a December 14, 2017 order remanding. Following those additional proceedings, the PCR court denied relief. Mr. Stanko sought review from the Supreme Court of South Carlina, which denied Mr. Stanko's petition for a writ of certiorari on June 20, 2024. The remittitur from the Supreme Court of South Carolina is expected to be issued on July 8, 2024.[4]

---

[4] Stanko has been represented by appointed counsel in both capital cases through each stage of litigation:
- In the Georgetown County case, Stanko was represented by William Diggs and Gerald Kelly at trial; Joseph Savitz and Kathrine Hudgins on direct appeal; Stuart Axelrod, Bobby Frederick, Tristan Shaffer in his initial PCR proceedings; Henry Anderson and Lindsey Vann on remand of his PCR proceedings; and Lindsey Vann and Allison Franz on appeal of his PCR application to the Supreme Court of South Carolina.
- In the Horry County case, Stanko was represented by William Diggs and Brana Williams at trial; Robert Dudek and Robert Pachak on direct appeal; Emily Paavola and Lindsey Vann in PCR proceedings (both in the circuit court and on appeal to the Supreme Court of South Carolina); and Charles Grose and Joseph Perkovich in federal habeas proceedings.

As of today, 11 days have elapsed on the one year limitations period for filing a federal habeas corpus petition as prescribed by 28 U.S.C. § 2244(d).[5] The 354 days remaining on Mr. Stanko's limitations period will begin to run following the filing of the remittitur from the South Carolina Supreme Court's denial of his petition for writ of certiorari with the Georgetown County Circuit Court. *See Beatty v. Rawski*, 97 F. Supp. 3d 768, 774 (D.S.C. 2015). The remittitur cannot be filed in the circuit court until it is issued by the South Carolina Supreme Court (which will likely occur July 8, 2024). Thus, Mr. Stanko has until at least June 27, 2025 to file his federal habeas corpus petition.

## II.  THE COURT MUST APPOINT COUNSEL TO REPRESENT MR. STANKO IN HIS FEDERAL HABEAS CORPUS PROCEEDING.

Pursuant to 18 U.S.C. § 3599, indigent death-sentenced prisoners are "entitled to the appointment of one or more attorneys" in order to pursue federal habeas corpus remedies.[6] The right to counsel conferred by § 3559 attaches prior to the filing of a prisoner's habeas petition. As the Supreme Court has explained, absent this pre-petition right to counsel, condemned prisoners would not have meaningful access to the remedy of habeas corpus:

> Congress' provision of a right to counsel under [§3559] reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and . . . the unique and complex nature of the litigation." An attorney's assistance prior to the filing of a capital

---

[5] Stanko's conviction became final on October 6, 2008, when the Supreme Court of the United States denied certiorari from Stanko's direct appeal denial, 28 U.S.C. § 2244(d)(1)(A), and Stanko's application for state post-conviction relief was filed on October 17, 2008 and remained pending until the South Carolina Supreme Court denied review of the lower court's denial of post-conviction relief. *See* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); *see also Artuz v. Bennett*, 531 U.S. 4 (2000) (construing the statutory phrase "properly filed application"). Thus, only 11 days of the one year limitations period have expired.

[6] This statutory provision was formerly located at 21 U.S.C. § 848(q)(4)(B). Effective October 12, 2008, Congress moved this provision to 18 U.S.C. § 3599.

> defendant's habeas corpus petition is crucial, because "[t]he complexity of our jurisprudence in this area . . . makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law."

*McFarland v. Scott*, 512 U.S. 849, 855-856 (1994) (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)).

In construing § 3599 to require appointment of counsel prior to the filing of the petition, the Supreme Court explained that Congress provided for investigative and expert resources to be made available to counsel upon request and a showing of need. Since these services "may be critical in the preapplication phase of a habeas corpus proceeding, when possible claims and their factual bases are researched and identified," Congress clearly intended counsel to be appointed prior to the filing of the habeas petition. *McFarland*, 512 U.S. at 855. It is thus plain that the right to counsel conferred by § 3599 is a right to assistance in identifying, developing, and pleading all available claims for relief, including the record-based claims already raised in the state trial and appeal proceedings, as well as the claims not raised in those proceedings because they are derived from non-record facts which require access to investigative and expert resources. Moreover, "the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims. Where this opportunity is not afforded, '[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper.'" *McFarland*, 512 U.S. at 858 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 889 (1983)).

The appointment provision of § 3599 requires appointment of at least one attorney who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years experience in the handling of appeals in that court in felony cases. § 3599(c). Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due

4

consideration to the seriousness of the possible penalty and to the unique and complex nature of litigation." § 3599(d).

Emily C. Paavola, has served, since 2017, as a Resource Attorney with the Habeas Assistance and Training Project, which as part of the training division of the U.S. Office of Court Administration. Her duties in that role involve consulting on capital habeas cases nationwide and planning multiple training programs for capital defense practitioners across the country each year. From 2008 to 2017, Ms. Paavola was the Executive Director and Legal Director of the South Carolina Death Penalty Resource Center (now called Justice 360). She has been appointed as counsel on approximately eighteen capital cases in state and federal court and regularly consults on capital cases in other jurisdictions. She received a B.A. from Baylor University in 2001 and a J.D. from Cornell Law School in 2005. She is admitted to the state bars of South Carolina, New York, and Indiana (inactive) and the federal bars of this Court and the Fourth Circuit Court of Appeals.

Lindsey S. Vann is the Executive Director of Justice 360, formerly called the Death Penalty Resource Center for South Carolina. Ms. Vann received a B.S. from Cornell University in 2005 and a J.D. from the University of Richmond School of Law in 2012.  She is admitted to the state bars of South Carolina and Virginia (inactive) and the federal bars of this Court, the Fourth Circuit Court of Appeals, and the Supreme Court of the United States. Following law school, Ms. Vann served as a law clerk to the Honorable James R. Spencer, United States District Court for the Eastern District of Virginia. Since that time, Ms. Vann has been an attorney at Justice 360, where her practice is devoted to representing South Carolina death sentenced inmates in their state and federal post-conviction proceedings. Ms. Vann has been appointed to represent approximately twelve death-sentenced inmates, including multiple individuals seeking federal habeas relief in

this Court (Johnny O'Landis Bennett, *Bennett v. Stirling*, No. 2013-CV-03191; Abdiyyah Ben Alkebulanyahh, *Alkebulanyahh v. Byars*, No. 6:13-cv-918-TLW-KFM; Richard Bernard Moore, *Moore v. Stirling*, No. 4:14-cv-4691-MGL-TER; and Anthony Woods, *Woods v. Stirling*, 5:18-cv-00144-DCN-KDW).

Ms. Vann has discussed the appointment of counsel with Mr. Stanko following the Supreme Court of South Carolina's denial of certiorari in his state post-conviction proceedings. Mr. Stanko indicated he desires to pursue federal habeas relief and requests Ms. Paavola and Ms. Vann be appointed to represent him in these federal court proceedings.

Appointment of Ms. Paavola and Ms. Vann is appropriate in this case. Ms. Paavola represented Mr. Stanko in his Horry County post-conviction relief proceedings, and Ms. Vann was state post-conviction counsel for Mr. Stanko in both his Georgetown and Horry County state post-conviction proceedings. Their familiarity with the record and issues in this case would promote judicial economy and continuity of counsel.

Further, appointment of counsel in this case is required despite Mr. Stanko's pending federal habeas proceedings in his Horry County case because the cases have proceeded separately from the time of his arrest, with separate indictments and trials (and therefore independently imposed death sentences), separate direct appeal briefing and opinions, and separate state post-conviction relief proceedings. Accordingly, the statute of limitations prescribed in 28 U.S.C. § 2244 runs in this case independently of the Horry County case. Appointment of counsel in this case is, therefore, necessary to allow Mr. Stanko to prepare his federal habeas petition prior to the end of the limitations period to allow for federal habeas review of the Georgetown County convictions and sentence.

Finally, appointment of Ms. Paavola and Ms. Vann, as opposed to counsel with no prior involvement in Mr. Stanko's cases, is appropriate given recent changes in federal habeas law. Since the appointment of federal habeas counsel in Mr. Stanko's Horry County case, *Shinn v. Ramirez*, 142 S. Ct. 1718 (2022), has lessened the need for appointment of independent counsel in federal habeas proceedings. *Shinn* limited federal habeas petitioners' ability to present claims pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012), by preventing federal habeas courts from considering evidence beyond the state court record based on alleged ineffective assistance of state post-conviction counsel. *See Shinn*, 142 S. Ct. at 1734. Accordingly, appointment of counsel with previous involvement in an individual's case is appropriate to promote judicial economy. Further, any remaining review of the record for potential state court record-based *Martinez* issues can be completed by Ms. Paavola who was not involved in the state post-conviction proceedings in this case.

### III. UPON APPOINTMENT OF COUNSEL, THIS COURT SHOULD ENTER A STAY OF EXECUTION.

This Court is authorized to issue a stay of execution based on Mr. Stanko's request for appointment of counsel to assist him in his federal habeas proceedings. 28 U.S.C. § 2251(a)(3); *McFarland v. Scott*, 512 U.S. 849 (1994). In order for the right of assistance of counsel to have meaning in federal habeas proceedings, the district courts are authorized to stay an execution. *McFarland*, 512 U.S. at 857. Mr. Stanko has affirmatively represented that he wishes to pursue federal habeas review of his case and asks this Court to appoint undersigned counsel to represent him. This Court should therefore enter a stay of execution pending the resolution of his federal habeas corpus proceedings to allow Mr. Stanko to prepare, file, and litigate his petition for habeas relief.

**IV. CONCLUSION.**

Wherefore, for the foregoing reasons, this Court should enter an order staying Mr. Stanko's execution and appointing Emily C. Paavola and Lindsey S. Vann to assist Mr. Stanko in the preparation and filing of a timely petition for habeas relief.

                              Respectfully submitted,

                              **EMILY C. PAAVOLA**
                               Fed. ID # 11488
                               Justice 360
                               900 Elmwood Ave., Suite 200
                               Columbia, SC 29201
                               emily@justice360sc.org
                               (803) 765-1044

                              **LINDSEY S. VANN**
                               Fed. ID # 11872
                               Justice 360
                               900 Elmwood Ave., Suite 200
                               Columbia, SC 29201
                               lindsey@justice360sc.org
                               (803) 765-1044

                               BY: s/ Lindsey S. Vann

July 3, 2024.

8